In this case the court decided that it is sufficient for heirs at law who wish to appeal from a decision of the surrogate relative to the proof of a will, and to get all the parties interested before the appellate court, to make the other parties to the proceedings before the surrogate who have an interest in sustaining the will, respondents in this court, by calling upon them to answer the petition of appeal, and leaving other persons who are interested in sustaining the decisions of the judge a quo, to come in a* interveners, before the judge ad quem, and make themselves parties to the proceedings there, if they think proper. That under § 120 of the statute relative to writs of error and appeals, the course of practice, in reviving the proceedings upon such *an appeal, which appeal has become abated or defective by the death of either of the parties thereto, must conform as far as practicable to the analogous proceeding to revive an ordinary suit in a court of chancery pending before the chancellor, on an appeal from the vice-chancellor. That in cases where the interest of the deceased party is cast upon his heirs or personal representatives, so that in an ordinary case the suit could be revived by petition merely, under the statute (2 Rev. Slat. 181, § 109, etc.), the appellant, or his legal representative in case of his death, may proceed in' the same manner to revive the suit upon the appeal. And that where the respondent has died before answering the petition of appeal the petition to levive should pray that the representative against whom it is sought to revive the proceedings appear and answer the petition of appeal within the time prescribed by the statute after service of the copy of the petition and order, or that the appeal be heard ex parte. Petition dismissed, with liberty to present a new one in the proper form.